# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

KENDRICK WILSON                                                                                         MOVANT

v.                                                                                            No. 4:10CR58-SA-DAS

UNITED STATES OF AMERICA                                                                       RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Kendrick Wilson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed as frivolous.

**Facts and Procedural Posture**

On November 24, 2010, Kendrick Wilson was convicted by a jury of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). After trial, the United States Probation Service prepared a presentence report showing that Wilson was previously convicted of the felony crime of Breaking and Entering on August 6, 2000, after he and a co-defendant were observed burglarizing a home. The nature of Wilson's prior felony conviction and the type of gun that he possessed (a sawed off shotgun) led to a determination that Wilson had a base offense level of 22 and a criminal history category of III, with an advisory guideline range of 51-63 months. On August 15, 2011, the court sentenced Wilson to 51 months imprisonment, and the court entered the judgment on August 17, 2011. Wilson did not file a direct appeal. On July 24, 2012, Wilson filed a motion to set aside his sentence under 28 U.S.C. § 2255. On September 4, 2012, however, the court received a motion to withdraw the § 2255 motion. The court issued

on order dismissing the motion on January 31, 2013. On February 21, 2013, Wilson filed a motion to reinstate his § 2255 motion, and the court granted the motion to reinstate on April 1, 2013. Wilson argues in his renewed § 2255 motion that the motion to dismiss was filed by a third party without his knowledge. Wilson argues that he is actually innocent of the crime of his conviction because he is "not a 'convicted felon' pursuant to the Federal Controlled Substances Act . . . when his prior state offense did not result in a term of imprisonment of a year or more." He also argues that his counsel was ineffective for deciding not to raise this issue in a direct appeal.

**Convicted Felon**

Wilson argues that he was not a convicted felon at the time he committed the offense at issue in the present case: possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). His argument rests on the mistaken belief that a crime becomes a felony only when the sentence imposed exceeds one year. According to Wilson, he served less than one year's imprisonment for the crime of Breaking and Entering; thus, that crime did not constitute a felony for purposes of 18 U.S.C. § 922(g)(1). Under § 922(g)(1) it is a crime for any person to possess a firearm "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." Paragraph 27 of the Presentence Investigation Report makes clear that the offense involved Wilson's burglary of a residence. Wilson was sentenced to 3 years of incarceration in the Virginia Department of Corrections in 2002, with 3 years suspended, along with 5 years of supervised release. In 2004, Wilson violated his probation, resulting in a revocation and a one year sentence.

The Fifth Circuit has made the definition of "felony" clear:

> A felony is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." The word "punishable" indicates that the definition of felony does not turn on the sentence a defendant actually received, but the maximum sentence that could result from a conviction for that offense.

*United States v. Gamez-Ale*, 102 Fed. App'x. 401, 403 (5th Cir. 2004); *United States v. Mendiola*, 42 F.3d 259, 262 at n.7 (5th Cir. 1994) (noting that United States Sentencing Guideline § 4A1.2 defines "felony" as any federal, state, or local offense punishable by death or term of imprisonment exceeding one year regardless of sentence imposed). Though Wilson received only a three-year suspended sentence, probation, and ultimately a year's incarceration, the maximum term of imprisonment for that offense obviously exceeded one year. As such, it qualifies as a felony, and Wilson's argument to the contrary is frivolous. Certainly, counsel's decision not to raise such a frivolous issue on direct appeal was a sound one, and Wilson's claim of ineffective assistance of counsel will likewise be dismissed as frivolous.

## Conclusion

In sum, all of the Movant's claims are frivolous, and the instant motion to vacate, set aside, or correct sentence will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of November, 2014.

/s/ Sharion Aycock
CHIEF JUDGE
U. S. DISTRICT COURT